USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/21/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YESENIA CEPEDA,

                Plaintiff,

-v-

UNITED STATES, DR. JAY MEISNER, DR. MICHAEL INGARGIOLA,

                Defendants.

19 Civ. 5967 (LGS)

## PRIVACY ACT AND PROTECTIVE ORDER

    WHEREAS, Plaintiff Yesenia Cepeda brought this action against the United States, Dr. Jay Meisner, and Dr. Michael Ingargiola (together, "Defendants"), asserting claims under the Federal Tort Claims Act and New York law;

    WHEREAS, certain records Plaintiff seeks in connection with the allegations in the Complaint contain information concerning various third parties which may be protected by the Privacy Act of 1974, 5 U.S.C. § 552a (the "Privacy Act");

    WHEREAS, pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters this Privacy Act Order and Protective Order, upon the joint request of the parties, for the purposes of facilitating the disclosure of information that otherwise would be prohibited from disclosure under the Privacy Act, and assuring the confidentiality of information that may be disclosed by the parties or by any non-party agencies, departments, or offices of the United States in the course of discovery proceedings. The Court, having found that good cause exists for entry of this Privacy Act Order and Protective Order, HEREBY ORDERS:

    1.    Pursuant to 5 U.S.C. § 552a(b)(11), this Order authorizes the VA to produce information that otherwise would be prohibited from disclosure under the Privacy Act without

presenting Privacy Act objections to this Court for a decision regarding disclosure. To the extent the Privacy Act allows the disclosure of information pursuant to a court order, this Order constitutes such a court order and authorizes the disclosure of that information. Nothing in this paragraph, however, shall require production of information that is prohibited from disclosure (even with the entry of this Order) by other applicable privileges, statutes, regulations, or authorities. The terms of this Order shall govern the safeguarding of such information by all individuals referenced herein.

2. As used in this Order, the term "Protected Information" constitutes any and all documents or records, and information contained therein, that contain any confidential, proprietary, personal, or similar information, including but not limited to privileged law enforcement information and information protected from disclosure by the Privacy Act.

3. Information that Plaintiff or Defendants deem Protected Information shall be designated as such by stamping the phrase "Subject to Protective Order" on any document or record containing Protected Information prior to the production of such document or record.

4. Any party who contests the designation of a document or record as Protected Information shall provide the producing party written notice of its challenge. If the parties cannot resolve this dispute, they shall follow the Federal Rules of Civil Procedure, the Local Civil Rules for the United States District Courts for the Southern and Eastern Districts of New York, the individual practices of the Court, and/or any court orders for addressing discovery disputes. Failure to challenge a designation immediately does not waive a party's ability to bring a later challenge.

5. Except as provided in this Order, all Protected Information produced or exchanged pursuant to this Order shall be used solely for the purposes of this action and for no other purpose whatsoever, and shall not be published to the general public in any form, or otherwise disclosed,

disseminated, or transmitted to any person, entity, or organization, except in accordance with the terms of this Order.

6. Any document or record designated as Protected Information may be disclosed only to the following Qualified Persons to the extent the witnesses' testimony may relate to documents designated as Protected Information:

    i. Defendants, attorneys for the Defendants, and any support staff or other employees of Defendants or attorneys of record of Defendants who are assisting in the defense of this action;

    ii. Plaintiff, attorneys for Plaintiff, and any support staff or other employees of Plaintiff or attorneys of record of Plaintiff who are assisting in the maintenance of this action;

    iii. Witnesses who are deposed in this action, to the extent the witnesses' testimony may relate to documents designated as Protected Information;

    iv. Experts or consultants retained for this action by counsel to a party, and any support staff or other employees for such experts or consultants who are assisting in the expert's work for this action;

    v. Court reporters or stenographers engaged to record deposition testimony, and their employees who are assisting in the preparation of transcripts of such deposition testimony;

    vi. The Court and Court personnel; and

    vii. Such other persons as hereafter may be authorized by the Court upon motion of any party.

7. A copy of this Order shall be delivered to each Qualified Person to whom a disclosure of Protected Information is made, at or before the time of disclosure, by the party

making the disclosure or by its counsel.  The provisions of this Order shall be binding upon each such person to whom disclosure is made.

8. All Qualified Persons, including the parties and their respective counsel, to whom Protected Information is disclosed, are hereby prohibited from disclosing information designated as Protected Information to any unauthorized person, except as provided in this Order.

9. Any deposition questions intended to elicit testimony regarding Protected Information shall be conducted only in the presence of persons authorized to review the Protected Information.  Any portions of deposition transcripts containing such questions and testimony shall be automatically subject to the same protections and precautions as the Protected Information.

10. If any party seeks to publicly file with the Court any Protected Information, or portions of pleadings, motions, or other papers that disclose such Protected Information, that party shall provide the producing person no less than ten days' advance written notice of its intent to file such material.  The producing party may then make an application to the Court requesting that the material be filed and kept under seal.  If such an application is made, the papers in question shall not be filed until the Court renders a decision on that application.  The parties will use their best efforts to minimize the need to file documents under seal.

11. Nothing in this Order shall preclude any disclosure of Protected Information to any judge, magistrate, or employee of the Court for purposes of this action.

12. Nothing contained in this Order shall be construed to prejudice any party's right to use in open court any Protected Information, provided that reasonable notice of the potential disclosure of the Protected Information shall be given to the producing party so that the

producing party may move to seal the document, or otherwise seek to prevent the disclosure or dissemination of the Protected Information, in advance of its use in open court.

13. If counsel for any party is required by law or court order to disclose, disseminate, or transmit Protected Information produced under this Order to any person or entity not identified herein as a Qualified Person, the name of that person or entity and the reason access is required shall be provided to the producing party no less than 14 days prior to disclosure, dissemination, or transmittal so as to provide the producing party sufficient time to object and seek a protective order as necessary. There shall be no disclosure after an objection has been made until the objection has been resolved unless disclosure, dissemination, or transmission is required sooner by law or court order. If Protected Information produced under this Order is required by law or court order to be disclosed to a person or entity not identified herein as a Qualified Person, the person or entity receiving the Protected Information shall, before receiving the Protected Information, be provided with a copy of this Order and shall acknowledge their agreement to comply with this Order by signing a copy of the attached acknowledgement form. A copy of each such acknowledgement form must be provided promptly after its execution to counsel of record for the producing party.

14. Within thirty days after the final disposition of this action, including any and all appeals, all Protected Information and copies thereof in the possession of any Qualified Persons, other than counsel for the parties, shall be returned to the producing parties or destroyed. If the Protected Information is destroyed, the party that has destroyed the Protected Information shall certify in writing to the producing party that the Protected Information in its possession has been destroyed.

15. If Plaintiff or Defendants inadvertently fail to designate material as Protected Information at the time of production, this shall not in itself be deemed a waiver of any claim of confidentiality as to that Protected Information. The producing party may correct its failure to designate an item as Protected Information by taking reasonable steps to notify all receiving persons of its failure, and by promptly supplying all receiving persons with new copies of any documents bearing corrected designations. Within five business days of receiving copies of any documents bearing corrected designations pursuant to this paragraph, the receiving persons shall return or destroy the improperly designated materials, and certify in writing to the producing party that such materials have been returned or destroyed.

16. This Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable, and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any document or information.

17. Nothing in this Order shall be construed as a waiver of any defense, right, objection, or claim by any party, including any objection to the production of documents and any claim of privilege or other protection from disclosure.

18. Nothing in this Order shall affect the right of any party to seek additional protection against the disclosure of any documents or materials, or of the parties to seek additional disclosures.

19. Nothing in this Order shall prevent the disclosure of Protected Information to governmental authorities for purposes of enforcement of criminal laws or in furtherance of civil enforcement or regulatory proceedings.

20. Nothing in this Order shall prevent any disclosure of Protected Information by the party or entity that designated the information as such.

21. The Court retains unfettered discretion whether or not to afford confidential treatment to any Protected Information filed with the Court in connection with any motion, application, or proceeding that may result in any order or decision by the Court.

SO STIPULATED AND AGREED TO BY:

Dated: November 20, 2019  
       New York, New York

Dated: November 20, 2019  
       New York, New York

LORNA G. SCHOFIELD  
UNITED STATES DISTRICT JUDGE

YESENIA CEPEDA

GEOFFREY S. BERMAN  
United States Attorney for the  
Southern District of New York

By:   /s/ *Michael Zoppo*  
    MICHAEL T. ZOPPO  
    Fish & Richardson P.C.  
    601 Lexington Avenue 52nd Floor  
    New York, NY 10022-4611  
    Tel.: (212) 641-2268  
    Email: Zoppo@fr.com

*Counsel for Plaintiff*

By:   /s/ *Lucas Issacharoff*  
    LUCAS ISSACHAROFF  
    Assistant United States Attorney  
    86 Chambers Street, 3rd Floor  
    New York, New York 10007  
    Tel.: (212) 637-2737  
    E-mail: lucas.issacharoff@usdoj.gov

*Counsel for Defendants*

SO ORDERED:

_____  
HON. LORNA G. SCHOFIELD  
United States District Judge

Dated: _____November 21, 2019_____  
       New York, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YESENIA CEPEDA,<br><br>                         Plaintiff,<br><br>                      -v-<br><br>UNITED STATES, DR. JAY MEISNER, DR. MICHAEL INARGIOLA,<br><br>                        Defendants. | 19 Civ. 5967 (LGS) |

## **ACKNOWLEDGEMENT**

I have read and I understand the Privacy Act Order and Protective Order entered by the Court in the case *Cepeda v. United States*, Case No. 19 Civ. 5967 (LGSsd), and I agree to be bound by its terms.

Date: _____

Name (printed): _____

Signature: _____